IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA T.,[1] ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>     v. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commissioner of Social Security,[2] ) <br> ) <br>     **Defendant.** ) <br> ) | No. 20 C 2308 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Tamara T.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for reversal and remand [Doc. No. 19] is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 20] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On September 19, 2016, Plaintiff filed a claim for DIB, alleging disability since May 28, 2016 due to ankle impairments. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 26, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On February 11, 2019, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of May 28, 2016. At step two, the ALJ concluded that Plaintiff had the following severe impairments: history of left ankle fracture and post-traumatic osteoarthritis of the left foot and ankle. The ALJ concluded at step three that her impairments, alone or in combination, do

not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: no more than occasional climbing of ramps and stairs; never climbing ladders, ropes, or scaffolds; no more than occasional balancing, stooping, kneeling, crouching, or crawling; never working at unprotected heights; and no more than occasionally working in vibration.

At step four, the ALJ concluded that Plaintiff would be able to perform her past relevant work as a preschool teacher, as it is generally performed, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I.   ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former

3

occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and

4

means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately

5

articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff fractured her ankle in an auto accident and had open reduction and internal fixation surgery. At the ALJ hearing, Plaintiff testified that she uses a cane daily, even just to ambulate around the house, and she wears a boot. She brought the cane to the hearing and explained that she uses it to avoid falling, as her walking is not stable, and her ankle gives out a couple times a week. In April 2018, Plaintiff's treating physician discussed with her the proper usage of the cane and stated at that time that he considered ordering the boot. Plaintiff argues that the ALJ's decision was not supported by substantial evidence when he found that she retained the RFC to stand and walk for up to six hours in a workday without the use of a cane, and the Court agrees.

The ALJ's decision acknowledged Plaintiff's testimony that she uses a cane daily and that she was shown how to use it, but the discussion ends there. He did not expressly credit or discredit her need for an assistive device, nor did he provide

6

any analysis suggesting he had considered the issue at all. Instead, he noted her use of a cane, mentioned that her treating physician educated her about the device, recognized that she brought it to the hearing, and asked her about it during her testimony; but then he neglected to mention it at all while formulating the RFC or in hypothetical questions posed to the vocational expert. *See Thomas v. Colvin*, 534 F.App'x 546, 550 (7th Cir. 2013) (unpublished decision) (criticizing the ALJ's disregard of evidence supporting cane use, especially given "the presence of the cane at [the claimant's] hearing and her testimony about why she needed it").

The Commissioner's response gives several improper *post hoc* rationalizations for why Plaintiff does not need a cane. *See Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("On appeal, the Commissioner may not generate a novel basis for the ALJ's determination."). The ALJ's decision itself, however, contains no such analysis, and thus "this Court is unable to determine if [Plaintiff's] cane use was ignored, overlooked, or simply not believed." *Dwayne E. v. Saul*, No. 20 C 4103, 2021 WL 4745300, at *6 (N.D. Ill. Oct. 12, 2021); *see also Thomas*, 534 F.App'x at 550 (concluding that the failure to discuss cane use requires remand because an ALJ is required to discuss contrary evidence and explain why it was rejected).

The lack of medical documentation demonstrating the need for the cane does not, by itself, relieve the ALJ of his obligation to discuss it. Plaintiff's treating physician knew she was using a cane and, rather than discounting her alleged need, he educated her on how to properly use it. Furthermore, "the error in this case . . . is not that the medical evidence *required* the ALJ to find that [Plaintiff] needed a cane

to stand and walk, but that the ALJ failed to consider the issue at all, leaving us without a finding to review. We cannot uphold the ALJ's decision based on a reason that the ALJ did not articulate." *Thomas*, 534 F.App'x at 550 (emphasis in original); *see Dwayne E.*, 2021 WL 4745300, at \*6 ("[T]he ALJ's mention of [the claimant's] repeated cane use alone requires the ALJ to engage in a discussion about the impact of that limitation in the RFC findings."); *see also Ryon C. v. Kijakazi*, No. 20 C 891, 2021 WL 4552550, at \* (N.D. Ill. Oct. 5, 2021) ("[T]he use of a cane does not require a prescription; thus, it was not suspicious for the claimant to use a cane without one.") (citation and alteration omitted). Moreover, generally discrediting a claimant's testimony without addressing why certain limitations are inconsistent with the record does not satisfy the substantial evidence standard. *See Thomas*, 534 F.App'x at 550. Finally, the ALJ's notation that Plaintiff could walk fifty feet unassisted does not provide substantial evidence in support of a determination that Plaintiff work at the light level, which requires walking six out of eight hours in a workday. *See Thomas*, 534 F.App'x at 551 (quoting *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011)) ("[W]alking for 50 feet without a cane – a 'brief excursion' – does not demonstrate an ability to stand for 6 hours.").

8

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reversal and remand [Doc. No. 19] is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 20] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**　　　　　　　　　　**ENTERED:**

**DATE:　November 5, 2021**　　　　　　_____
　　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

9